LOUIS N. HARTOG, Respondent, v. WALKER D. HINES, Director General of Railroads, Appellant.

First Department, February 6, 1920.

**Process — action against Director General of Railroads — service of summons and complaint.**

The summons and complaint in an action against the Director General of Railroads, if not served personally, must be served on an operating official, operating for the Director General of Railroads the railroad in respect to which the cause of action arose as provided by General Order

50 issued by the Director General of Railroads on October 28, 1918, and where service was not made personally the plaintiff must show, on a motion to set aside the service, that the person served was one who answered the requirements of the order.

In an action arising in respect to the Michigan Central railroad, service of the summons and complaint on the executive assistant to the Regional Director of Railroads, Eastern Region, does not comply with the requirements of the general order.

CLARKE, P. J., and PHILBIN, J., dissent.

APPEAL by the defendant, Walker D. Hines, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of November, 1919, denying defendant's motion to vacate the service of the summons and complaint.

*Jacob Aronson* of counsel [*Alexander S. Lyman,* attorney], for the appellant.

*David L. Podell* of counsel [*Jacob Podell* with him on the brief], for the respondent.

DOWLING, J.:

On August 8, 1918, at Jackson, Mich., certain cans of Malto Dextrine were delivered on the plaintiff's behalf to the Director General of Railroads, operating the Michigan Central railroad, for transportation to the city of New York. The cans were delivered at the city of New York in a broken and damaged condition and the contents were a total loss. By reason of the loss of the goods while in transit in the possession of the carrier the plaintiff claims to have been damaged in the sum of $5,005.

Service of the summons and complaint upon the defendant herein was made by delivering a copy thereof to Alvin D. Dugan, Executive Assistant to A. T. Hardin, Regional Director of Railroads, Eastern Region. This motion was made to set aside such service upon the ground that said Dugan is not one of the persons upon whom the service of process in an action against the Director General of Railroads may validly be made.

There is no proof as to the nature or extent of the authority exercised by Dugan nor as to what services he performs on behalf of the Director General of Railroads. The affidavit

in support of the motion to set aside the service of the summons and complaint alleges that said Dugan is not an official operating for the Director General of Railroads the railroad of the Michigan Central Railroad Company nor is he an operating official for the Director General of Railroads of any particular railroad whatsoever. It is further alleged: " Each and all of the railroads now being operated by the Director General of Railroads has its own set of operating officials upon whom the said General Order No. 50 directs that service be made in the same manner as was heretofore made upon like operating officials for such railroad company.

" In respect of each of the railroads in possession of and now being operated by the Director General of Railroads, there is a chief operating official known either as the Federal or General Manager thereof."

Under General Order No. 50 issued by the Director General of Railroads, United States Railroad Administration, on October 28, 1918, it is provided that:

" Actions at law, suits in equity, and proceedings in admiralty hereafter brought in any court based on contract, binding upon the Director General of Railroads, claim for death or injury to person, or for loss and damage to property, arising since December 31, 1917, and growing out of the possession, use, control, or operation of any railroad or system of transportation by the Director General of Railroads, which action, suit, or proceeding but for Federal Control might have been brought against the carrier company, shall be brought against William G. McAdoo, Director General of Railroads, and not otherwise; provided, however, that this order shall not apply to actions, suits, or proceedings for the recovery of fines, penalties, and forfeitures.

" Subject to the provisions of General Orders numbered 18, 18-A, and 26, heretofore issued by the Director General of Railroads, service of process in any such action, suit, or proceeding may be made upon operating officials, operating for the Director General of Railroads, the railroad, or other carrier in respect of which the cause of action arises in the same way as service was heretofore made upon like operating officials for such railroad or other carrier company." (See Official U. S. Bulletin, vol. 2, No. 450, pp. 1, 2, Oct. 30, 1918.)

If the plaintiff in this action desires to take advantage of the provisions of this order to make service upon some person other than the defendant himself, as his representative, it must show that the person so served is one who answers the requirements of the order. The plaintiff has served the summons and complaint herein upon Dugan, an executive assistant to the Regional Director of Railroads, Eastern Region. The official description of the person so served does not comply with the requirement of the order. The plaintiff if he did not serve the defendant personally was required to serve an operating official, operating for the defendant the Michigan Central railroad, in respect of which the cause of action arose. There is no proof that Dugan is such an official; on the contrary, there is an absolute denial that he is such an official and this denial is not met.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

SMITH and PAGE, JJ., concur; CLARKE, P. J., and PHILBIN, J., dissent.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.